**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIA SILVAS, | CASE NO. 1:11-cv-01128-GBC (PC) |
| Plaintiff, | |
| v. | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| CHOWCHILLA STATE PRISON, et al., | (Doc. 1) |
| Defendants. | AMENDED COMPLAINT DUE WITHIN THIRTY DAYS |

## I. Procedural History

Maria Silvas ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis, in this civil rights action pursuant to 42 U.S.C. § 1983. On July 7, 2011, Plaintiff filed her original complaint which is currently before the Court. Doc. 1.

## II. Screening Requirement

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that Plaintiff can prove no set of facts in support of the claim or claims that would entitle him to relief. *See Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)); *see also Synagogue v. United States*, 482 F.3d 1058, 1060 (9th Cir. 2007); *NL Industries, Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). In determining whether to dismiss an action, the Court must accept as true the allegations of the complaint in question, and construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421-22 (1969); *Daniels-Hall v. National Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

### III.  Plaintiff's Complaint

Plaintiff is currently a state prisoner at Valley State Prison for Women (VSPW) in Chowchilla, California. The events central to Plaintiff's complaint occurred while she was a prisoner at VSPW. Doc. 1. In the complaint, Plaintiff names the following individuals as defendants in this action: 1) Chowchilla State Prison; 2) Hill (Nurse at VSPW); 3) Royal (Nurse at VSPW); 4) Cheema (Nurse at VSPW); and 5) Does 1 through 4. Doc. 1 at 1. Plaintiff seeks compensatory damages. Doc. 1 at 2.

Plaintiff alleges that on the morning of November 8, 2010, Defendant Hill gave Plaintiff the wrong medication and then gave Plaintiff her mental health medication. Doc. 1 at 3. According to Plaintiff, Defendant Hill did not ever check her vitals or otherwise see how Plaintiff was feeling. Doc. 1 at 3. On November 9, 2010, Defendant Royal gave Plaintiff the wrong medication around 8:15 a.m. Doc. 1 at 3. At 9:15 a.m. Correctional Officer Auburn and Correctional Officer Mora escorted Plaintiff to get her vitals taken. Doc. 1 at 3. At around 3:20 p.m. Plaintiff felt very nauseous and dizzy and notified Correctional Officer Garcia and Correctional Officer Haynes. Doc. 1 at 3. At 3:45 p.m. Correctional Officer Garcia and Correctional Officer Haynes escorted Plaintiff to have her vitals taken. Doc. 1 at 4.

1  On November 10, 2010, Defendant Cheema asked Plaintiff how she was feeling. Doc. 1 at
2  4. Plaintiff informed Defendant Cheema that she felt nauseous and very dizzy. Doc. 1 at 4.
3  Defendant Cheema told Plaintiff not to worry and that it should go away in a few days. Doc. 1 at
4  4. Defendant Cheema said that she would return to check on plaintiff, however, did not. Doc. 1 at
5  4. On November 17, 2010, a medical emergency was called because Plaintiff became paralyzed and
6  could not move. Doc. 1 at 4. Sergeant Torres and Nurse Camron lifted Plaintiff into a wheel chair.
7  Doc. 1 at 4. Then Plaintiff was escorted to building 805. Doc. 1 at 4. Plaintiff was never checked
8  by a doctor and she was given Aleve and returned to her cell. Doc. 1 at 4.

9  Correctional officers Garcia and Loveall escorted Plaintiff and witnessed the degree of pain
10  Plaintiff was experiencing. Doc. 1 at 4. According to Plaintiff, the Aleve did not help, she was in
11  severe pain and could not move for three to four days. Doc. 1 at 4. On December 1, 2012, Plaintiff
12  asked Defendant Hill why he did not report that he had given her the wrong medication and informed
13  him that she was going to file a grievance against him. Doc. 1 at 4-5. On December 15, 2010,
14  Defendant Cheema spoke with Plaintiff about the grievance and asked why Plaintiff was accusing
15  Defendant Hill when it was really Defendant Royal who gave Plaintiff the wrong medication. Doc.
16  1 at 5. Plaintiff responded that Defendant Hill was at fault because he did not report the mistake.
17  Doc. 1 at 5. Defendant Cheema stated that Defendant Royal has taken Plaintiff's vitals four times
18  on December 9, 2010. Doc. 1 at 5. Plaintiff responded that was not true. Doc. 1 at 5.

19  Around December 15, 2010, Plaintiff asked Defendant Royal why she stated she had taken
20  Plaintiff's vitals four times when she only took them twice. Doc. 1 at 6. According to Plaintiff, the
21  doctor ordered them to be taken four times. Doc. 1 at 6. According to Plaintiff, Defendant Royal
22  states "I sure am fucking up aren't I? That's false documentation isn't it?" Doc. 1 at 6. On January
23  3, 2011, Plaintiff finally saw a doctor about her grievance. Doc. 1 at 6.

24  
25  **IV.    Analysis**
26      **A.    Eighth Amendment Deliberate Indifference of medical treatment**
27  "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate
28  must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096

(9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)).  The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096 (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds by *WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).  Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." *Id.* (citing *McGuckin*, 974 F.2d at 1060).

"Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights." *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (quoting *Hutchinson v. United States*, 838 F.2d 390, 394 (9th Cir. 1988) (internal quotation marks omitted).  Additionally, to state a viable claim, Plaintiff must demonstrate that each named defendant personally participated in the deprivation of his rights. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1948-49 (2009); *Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1020-21 (9th Cir. 2010); *Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009); *Jones v. Williams*, 297 F.3d 930, 934.  Liability may not be imposed on supervisory personnel under the theory of *respondeat superior*, *Iqbal*, 129 S.Ct. at 1948-49; *Ewing*, 588 F.3d at 1235, and supervisors may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them," *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *accord Starr v. Baca*, 652 F.3d 1202, 1205-08 (9th Cir. 2011); *Corales v. Bennett*, 567 F.3d 554, 570 (9th Cir. 2009); *Preschooler II v. Clark County School Board of Trustees*, 479 F.3d 1175, 1182 (9th Cir. 2007); *Harris v. Roderick*, 126 F.3d 1189, 1204 (9th Cir. 1997).

"Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004).  "A difference of opinion between a prisoner-patient and prison medical authorities regarding treatment does not give rise to a § 1983 claim," *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981) (internal citation omitted), and a difference of opinion between medical personnel regarding treatment does not amount to deliberate indifference, *Sanchez v. Vild*, 891 F.2d 240, 242

(9th Cir. 1989). To prevail, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted).

### 1.  Analysis

"Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights." *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000). Plaintiff's allegations amount to negligence at most and are insufficient to state an Eighth Amendment claim for deliberate indifference of a serious medical need.

### B.  Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. *See Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Rizzo v. Goode*, 423 U.S. 362 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). In order to state a claim for relief under section 1983, Plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of Plaintiff's federal rights.

### 1.  Analysis

Although Plaintiff lists Does 1 through 4 as defendants, Plaintiff fails to explain what specific act or omission each Doe defendant did to cause the constitutional deprivation. As such, Plaintiff fails to state a claim against Does 1 through 4.

///

**V.      Conclusions and Order**

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983.  The Court will grant Plaintiff an opportunity to file an amended complaint. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. *Ashcroft v. Iqbal*, 556 U.S. 662, 675-76 (2009).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

Finally, Plaintiff is advised that Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  An amended complaint supercedes the original complaint, *Lacey v. Maricopa County*, Nos. 09-15806, 09-15703, 2012 WL 3711591, at *1 n.1 (9th Cir. Aug. 29, 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.  The amended complaint should be clearly and boldly titled "Amended Complaint," refer to the appropriate case number, and be an original signed under penalty of perjury.

///
///
///
///
///
///
///
///
///

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;

2. Plaintiff's complaint, filed July 7, 2011, is dismissed for failure to state a claim upon which relief may be granted;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   October 22, 2012

UNITED STATES MAGISTRATE JUDGE